MELINDA HAAG
United States Attorney
MIRANDA KANE
Chief, Criminal Division
THOMAS M. NEWMAN
Assistant United States Attorney
   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-6888
   Fax: (415) 436-7234
   E-Mail: thomas.newman2@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 12-616-YGR |
|    Plaintiff, | |
| v. | |
| TONYA GILARD, EDRICK HARVEY, and TIERRE CRUMMIE, | STIPULATION AND ORDER |
|    Defendants. | |

The parties stipulate as follows:

1. Defendant Tierre Crummie was charged with conspiring to file false claims in violation of 18 U.S.C. § 286.

2. The discovery in this matter contains, among other things, significant amounts of private financial information about numerous individuals, as well as confidential tax return and taxpayer return information within the meaning of Title 26, United States Code, Section 6103(b). Disclosure of such tax return and taxpayer information is governed by Title 26, United States Code, Section 6103(a), which mandates that returns and return information shall be confidential, except as authorized by Section 6103. Section 6103(h)(4)(D) permits disclosure to the

*Stipulation*
*Case No. CR 12-616-YGR*

Defendants of such tax return and taxpayer information in accord with Rule 16 of the Federal Rules of Criminal Procedure, but further disclosure of this tax return and taxpayer return information by the Defendant and his or her attorney is restricted by Section 6103.

3. The government intends to provide defense counsel with other individuals' private financial information, tax return and taxpayer return information as part of this case, that will likely will be disclosed to the Defendants.

4. The parties agree that the discovery will be provided subject to the following conditions:

A. Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and 28 U.S.C. § 1651, unauthorized disclosure of discovery material and information contained therein to nonlitigants is prohibited under the following provisions (when the term "defendant" is used, said term encompasses an attorney for the defendant):

I. All materials provided as discovery which were produced by the government in preparation for or in connection with any stage of the proceedings in this case, including, but not limited to, investigators or agency reports, grand jury transcripts, witness statements, memoranda of interview, audio and video tapes, tax returns, correspondence with the Internal Revenue Service, internal books and records of a witness's business, and any documents provided by the government other than trial exhibits (i.e., items actually admitted during the trial and made part of the records), remains the property of the United States. All such materials and all copies made thereof shall be returned to the United States Attorney's Office, Tax Division unless otherwise ordered by the Court or agreed upon by the parties, at the occurrence of the last of the following:

– the completion of all appeals, habeas corpus proceedings, clemency or pardon proceedings, or other post-conviction proceedings;
– the conclusion of the sentencing hearing; or
– the earlier resolution of charges against the defendant.

B.     Such materials provided by the United States may be utilized by the defendant solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding.

C.     Upon written request to the United States, by the Defendant, at or before the time of such return, all specified materials returned shall be segregated and preserved by the United States in connection with any further proceedings related to this case, which are specified in such request until such proceedings are concluded.

D.     Such materials and their contents, and any notes or other record of such materials or their contents, shall not be disclosed either directly or indirectly to any person or entity other than the Defendant, persons employed to assist in the defense or prosecution of this matter, or such other persons as to whom the Court may expressly authorize disclosure upon proper motion.

E.     Such materials shall not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare and assist in the defense or prosecution of this matter, and all such copies and reproductions shall be treated in the same manner as the original matter. Certain documents include information private to the government's witnesses and are made available to the Defendant only as a result of the above strict guidelines.  These documents may include, but are not limited to:

F.     Witnesses' tax returns and correspondence with the Internal Revenue Service ("IRS");

    i.     Grand jury statements of witnesses;

    ii.    Witnesses' e-mail communications;

    iii.   Statements of witnesses contained in agents' reports;

    iv.    Witnesses' bank records and, possibly, summaries of bank records.

G.     Before any such disclosure to the Defendant, defendant's counsel shall personally inform the Defendant of the provisions of this order and direct him not to disclose any information contained in the government's discovery in violation of this order, and shall inform her or him that any unauthorized disclosure may be punished as contempt of court.

1   H. The Defendant shall be responsible for controlling and accounting for all such
2 material, copies, notes, and other records described above, and shall be responsible for assuring
3 full compliance by himself and any person assisting in his defense with this order.
4   I. The provisions above are not meant to limit use of information provided in
5 discovery from being used in pretrial proceedings, investigation, motions and briefs, trial and
6 other proceedings in this litigation, unless the discovery information is protected by another
7 order protecting information received from a financial institution regulatory agency.
8   WHEREFORE, in the best interests of the administration of justice and because of the
9 importance of protecting potential witnesses and others, it is requested that a protective order as
10 described above be entered in this case.

12 DATED: August 29, 2012                Respectfully submitted,

14                                       MELINDA HAAG
                                         United States Attorney

16                                       ___/s/_____
                                         THOMAS M. NEWMAN
17                                       Assistant United States Attorney
                                         Tax Division

20                                       __/s/_____
                                         DORON WEINBERG
                                         Attorney for Defendant Tierre Crummie

*Stipulation*
*Case No. CR 12-616-YGR*                -4-

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 12-616-YGR |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| TONYA GILARD, EDRICK HARVEY, and TIERRE CRUMMIE, | ) | |
| Defendants. | ) | |

In accordance with the parties' stipulation, IT IS SO ORDERED.

DATED: August 29, 2012

_____
HON. YVONNNE GONZALEZ ROGERS
United States District Judge

*Stipulation*
*Case No. CR 12-616-YGR*                -5-